Chescheir, et al. v. Old State Bank of Evansville.

Chescheir, et al. v. Citizens' National Bank of Evansville

(Decided May 4, 1923.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

Bills and Notes—Acceptor Held Liable to Bank Purchasing Drafts
on Him Notwithstanding Want of Consideration.—Where defendant
accepted a draft drawn upon him for the purchase of warehouse
receipts for seed, and thereafter discovered that the receipts pur-
chased were duplicates, and that the seed had been delivered to
another under the original receipts, he is neverthelss liable to
banks which purchased the drafts after their acceptance, where
there was no contradiction of the evidence by the banks that they
purchased the acceptances in the usual course of trade before they
were due, that they were regular on their face, that they gave
credit for the full face of the acceptances less the regular discount,
and that the money was drawn out of the banks before they had
information that the acceptances had been obtained on duplicate
warehouse receipts.

J. VERSER CONNER and ARTHUR B. BENSINGER for appel-
lants.

BRUCE & BULLITT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

In May, 1920, W. H. Small & Company, incorporated,
of Evansville, Indiana, drew two acceptances for
$5,633.92 each, on Ross Seed Company, of Louisville,
Kentucky. Each of said acceptances is endorsed across
the face as follows:

"Accepted May 24, 1920. Payable at National Bank
of Ky., Louisville, Ky. The obligation of the acceptor of
this bill arises out of the purchase of goods from the
drawer. Ross Seed Co., per A. S. Chescheir."

Immediately after the acceptance of said bills W. H.
Small & Company indorsed and transferred the same in
the regular course of business, one to appellee, Old State
Bank of Evansville, and the other to appellee, Citizens
National Bank of Evansville, and received in each case
the full face thereof, less discount. They were payable
sixty days after date. At maturity payment was refused

and the acceptances were each protested in the regular way. Thereupon each of the said banks brought an action upon the acceptance held by it in the Jefferson circuit court against Alford S. Chescheir, trading and doing business under the name of Ross Seed Company, to recover on the acceptance.

Appellant Chescheir answered and denied liability, pleading as defense that the acceptances were without consideration and that this fact was known to the plaintiff banks before they took and accepted the same.

The evidence shows that W. H. Small & Company was doing a seed business at Evansville and had a line of credit with each of the plaintiff banks. Appellant Chescheir operated under the trade name of Ross Seed Company, in Louisville, and was also handling grain. He purchased from W. H. Small & Company warehouse receipts for 1,000 bags of seed located in a certain warehouse in Indiana and accepted the bills sued on in payment for the warehouse receipts. After purchasing the warehouse receipts he discovered that they were duplicates and that the original warehouse receipts were held by other persons who, he asserts, had taken and removed the seed from the warehouse and that the duplicates were absolutely worthless. After making this alleged discovery he declined to pay the acceptances. In the meantime W. H. Small & Co. had gone into bankruptcy.

While it is averred in his answer that the banks took the acceptances with knowledge that they were without consideration, Chescheir was unable to produce evidence in support of this averment. He says, however, that when he established by evidence that the acceptances were obtained from him without consideration the burden then shifted to the banks to show that they acquired the acceptances in due course for a valuable consideration. In sustaining this burden the banks proved that they purchased the acceptances in the usual course before due for a valuable consideration, and did not know anything about how they originated, nor that they were without consideration; that they were regular on their face; that they gave W. H. Small & Co. credit for the full face of the acceptance less the regular discount, and that the said money was drawn out of the banks by W. H. Small & Co.

If, as appellant Chescheir assumes the fact and argues, he had established by evidence that the grain he

purchased was not at the time of the delivery of the warehouse receipts to him actually in the warehouse as called for by his receipts, his case would be very different. The trouble is the evidence does not prove that the grain was not in the warehouse issuing the receipts at the date of the receipts, and at the time of their transfer to appellant as well as later. To have found for appellant the court below would have had to assume this fact established. This it could not do.

However lamentable it may be that this unusual burden should be cast upon appellant Chescheir, there is no method known to this court under the law by which he may have relief. Both by the law merchant as well as by the statutory law of the state he is bound upon these acceptances. To hold otherwise would upset the whole system of intercourse between merchants and render impossible the discount of bills, notes and acceptances until the purchaser had time to investigate all the details. Application of this rule for a single fortnight would paralyze business throughout the country.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.